HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMAS CANZONI,<br><br>            Plaintiff,<br><br>   v.<br><br>COUNTRYWIDE BANK, *et al.*,<br><br>            Defendants. | CASE NO. C16-5239-RBL<br><br>ORDER DENYING MOTIONS FOR TRO AND PRELIMINARY INJUNCTION<br><br>[Dkt. #s 14 and 32] |

THIS MATTER is before the Court on Plaintiff Canzoni's Motion for a Temporary Restraining Order. [Dkt. #32]. Canzoni seeks to enjoin a trustee's sale on his home, ,apparently scheduled for June 24. Canzoni is *pro se*. He claims that the Defendants have no standing to foreclose and that they have repeatedly failed to prove to him that they do. He claims they are instead "debt collectors, now attempting to collect and unsecured debt."

The bases for this argument are familiar to the Court, as variations of them have been raised repeatedly in prior similar cases. Canzoni claims that the sale (or securitization) of his Promissory Note breached the loan agreement, and that its "separation" from the deed of trust

renders the deed unenforceable: "As the Deed follows the Note, it becomes a nullity of law." He also claims[1] that he never actually received, or consummated the loan.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes (without deciding) that Canzoni can establish the element of irreparable harm if he loses her property to foreclosure, in order to restrain the sale, he must establish that she is likely to succeed on the merits of his underlying "the mortgage is void"

---

[1] Canzoni previously filed a Motion for Preliminary Injunction [Dtk. #14] which is actually a copy of a motion he filed in state court. It generally relies on the same theories: the Defendants cannot prove that they have the right to foreclose, and post-closing transfers of the Note rendered it unenforceable and the Deed void. The Complaint he filed in Thurston County alleges the same. [Dkt. #1].

claim, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. This is a burden he cannot meet.

First, Canzoni has not made (and cannot make) the requisite showing that he is likely to succeed on the merits of his claim that the Defendants are not entitled to foreclose because the sale transfer or securitization of the Note rendered it a nullity. Courts in this district have routinely rejected "show-me-the-note" claims. *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.*, 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not to the borrower. RCW 61.24.030(7).

There is no legal or logical support for the claim that the subsequent sale of the Note had the effect of automatically forgiving a debt that Canzoni implicitly concedes he incurred. Nor is there support for the claim (in Canzoni's complaint) that the loan is void for fraud based on the fact that the Note was subsequently sold.

Second, the balance of equities does not tip in Canzoni's favor. He obtained a loan and with it, a home, and apparently did not pay the loan back. He now seeks to preclude his lender's successor from foreclosing on the security that Canzoni pledged as security for his promise to re-pay. He does not claim he paid; he claims subsequent events which had no other effect on him resulted in a unilateral forgiveness of his debt. Canzoni has not shown that the balance of equities weigh in his favor.

Finally, while it is true that the public has an interest in ensuring that foreclosures are done properly, Canzoni has made no showing that any impropriety occurred in this case. On the other hand, it is clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting home values and banks throughout the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

The Motions for a TRO [Dkt. #32] and for a Preliminary Injunction [Dkt. #14] are DENIED.

The remaining Motions will be addressed in a separate Order.

IT IS SO ORDERED.

Dated this 10th day of June, 2016.

Ronald B. Leighton
United States District Judge