HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMAS CANZONI,

    Plaintiff,

v.

COUNTRYWIDE BANK, et al.,

    Defendants.

CASE NO. C16-5239-RBL

ORDER ON PENDING MOTIONS

[Dkt. #s 10, 11, 15, 19, 20, 21, 22, 23, 25, and 26]

THIS MATTER is before the Court on the following Motions[1]: Defendant Bank of America's Motion to Dismiss [Dkt/ #10]; Plaintiff Canzoni's Motion to Continue the motion to dismiss (and to compel discovery) [Dkt. #19]; Canzoni's Motion to Remand [Dkt. #20]; Bank of America's Motion to Re-Note Plaintiff's Motion to Compel [Dkt. #21]; and Bank of America's Motion to Dismiss Canzoni's First Amended Complaint [Dkt. #22].

The case involves Canzoni's effort to enjoin a pending deed of trust foreclosure on his home, and to recover damages for alleged frauds and other violations surrounding the

---

[1] The various Defendants' Motions to Join in each other's pending Motions **[Dkt. #s 11, 15, 23, 25, and 26] are GRANTED**.

"securitization" of his Promissory Note. The Court Denied Canzoni's Motions for a Preliminary Injunction and for a TRO in a separate Order.

**A. Motion to Remand**

Canzoni asks the Court to Remand the case to superior court, arguing that there is no federal question or diversity jurisdiction, and that not all of the defendants joined in the removal (the "unanimity" requirement). The defendants argue that the Motion for Remand was not timely: it was filed more than 30 days after removal—even though Canzoni acknowledged that that was the time limit in his Motion for a Preliminary injunction [Dkt. #14 at 1]. They also argue that the basis for removal was diversity, not federal question, and that the parties and the amount in controversy satisfy 28 U.S.C. §1332's requirements. They argue specifically that Defendant North Coast, a trustee, was a "nominal" defendant as a matter of law, and the rest of the defendants were and are diverse.

Canzoni's motion to remand is untimely as a matter of law—it was filed more than 30 days after removal; *see* 28 U.S.C. §1447(c)—and it is not well-founded in any event. North Coast is a nominal defendant, and any lack of unanimity is not a jurisdictional defect, even if the motion to remand was timely.

Canzoni's Motion to Remand **[Dkt. #20] is DENIED.**

**B. Motion to Continue**

Canzoni asks the Court to continue the pending Motions to Dismiss, so that it can Compel answers to his outstanding discovery, arguing essentially that the facts cannot be known until he gets it. The flaw in this argument is that a motion to dismiss tests the sufficiency of a plaintiff's allegations, not his evidence. This is a benefit to the plaintiff; he need only *state* a plausible claim, not prove it, in order to survive the motion. Outstanding discovery is not a valid reason to delay a ruling on a motion to dismiss. And, in any event, Canzoni has filed an

1  Amended Complaint, and the defendants have since moved to dismiss that now-operative
2  complaint. Additionally, Bank of America claims that it sent the requested discovery before
3  Canzoni even filed his Motion to Compel, and points out that Canzoni's Motion was filed in
4  violation of Rule 37's "meet and confer" requirement.

5  For all of these reasons, Canzoni's Motion to Continue or Compel **[Dkt. #19] is**
6  **DENIED**. Bank of America's Motion to Re-Note Canzoni's Motion **[Dkt. #21] is DENIED** as
7  moot.

8  **C.  Motions to Dismiss**

9  Bank of America's initial Motion to Dismiss **[Dkt. #10] is DENIED** as moot in light of
10  the Amended Complaint.

11  Canzoni's 52 page Amended Complaint is largely a missive on the 2008 financial crisis.
12  He claims that his original lender "induced" him to borrow money and build his dream home in
13  2007, without telling him that it intended to "securitize and sell" his Note. He claims that if he
14  had known, he would not have borrowed the money. He does not articulate how the sale of his
15  Note adversely affected him, other than that he, like the rest of the economy, suffered when the
16  mortgage crisis hit. He seems to suggest that the bank unlawfully profited when it sold his note,
17  instead of waiting for him to pay back the loan over 30 years. He claims he "decided" to stop
18  paying his mortgage because he did not know or understand who actually owned his debt. His
19  core allegation is that the sale of his Note had the effect of discharging his debt and releasing the
20  deed of trust:

21
22
23
24

> 22. A lawful foreclosure, judicial or nonjudicial, cannot occur against a mortgage whose note has been securitized (transferred into a REMIC trust), because of the lack of an actual damaged party who has standing to state a claim. A note that has been securitized and submitted to an entity qualifying as a REMIC and organized as a Qualifying Special Purpose Entity is not enforceable. [See a detailed treatise for education and information purposes under Exhibit L.]

[Dkt. #16 at 6] Canzoni claims that Bank of America has no standing to foreclose, and that the entire loan contract is void for fraud and unconscionable. He claims emotional distress, and seeks declaratory relief and quiet title. He also asserts a claim under the Fair Debt Collection Procedures Act.

Bank of America [Dkt. #22] argues that Canzoni hasn't made a loan payment in five years and that amended claims are irrevocably flawed. It seeks dismissal with prejudice and without leave to amend.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Bank of America correctly argues that Canzoni's "lack of standing" claim—that if the Note "falls into the abyss, the debt is discharged"— is simply wrong. Courts of this district routinely reject "show-me-the-note" claims. *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010); and others cited in Bank of America's Motion at 6.  Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower.  RCW 61.24.030(7).

Canzoni's related "split the note" argument—that the Deed "follows the Note" into the abyss—has been similarly rejected, as Bank of America accurately explains:

> [T]he "split the note" theory - the argument that if ownership of a deed of trust is split from ownership of the underlying promissory note, one or both of those documents becomes unenforceable - has been rejected by the Washington Supreme Court, as well as the Ninth Circuit, which concluded that such a theory "has no sound basis in law or logic")(citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (2011); *Bain v. Metropolitan Mortg. Grp., Inc*., 175 Wash. 2d 83 (2012).

[Dkt. # 22 at 7-8, *citing Bavand v. OneWest Bank FSB*, No. C12–0254JLR, 2013 WL 1208997, at *2 (W.D. Wash. Mar. 25, 2013)].

This is the crux of Canzoni's entire case. It is not correct as a matter of law, and there is no plausible, possible amendment that could alter this conclusion, on this claim, or on any other that depends on the accuracy of his claim that the lender's actions resulted in the discharge or forgiveness of his debt.

Canzoni's fraud claims, based on this same argument, are not plausible or viable.

In order to state a claim for fraud, a plaintiff must allege: "(1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his right to rely upon it, [and] (9) his consequent damage." *Kirkham v. Smith*, 106 Wash. App. 177, 183, 23 P.3d 10 (2001); *see also Stiley v. Block*, 130 Wash. 2d 486, 505, 925 P.2d 194 (1996). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The complaining party must plead both the elements and circumstances of fraudulent conduct." *Haberman v. Washington Pub. Power Supply Sys*., 109 Wash. 2d 107, 165, 744 P.2d 1032 (1987) (citing 3A L. Orland, Wash. Prac. 129 (3d ed. 1980)).

Bank of America persuasively argues that Canzoni's general "fraud" allegations—that the mortgage industry is or was crooked—are insufficient as a matter of law. He does not claim

that he was the recipient of any fraudulent statement, who made it, when, how he relied on it, how it was false, or how he was harmed. At best, he claims that he would not have borrowed the money and agreed to pay it back over 30 years if he knew that, as he describes it, his obligation would be sold and his lender "made whole" immediately. But there was no contractual or legal prohibition on selling the note, and whether he realized that his lender could sell the note or not, his ignorance is not a plausible basis for a fraud claim.

Canzoni admits that his "unconscionable contract" claim is based on the same critical allegation: the loan was securitized (sold) and that, as a result, his lender made more money than the 30 years of loan payments he agreed to re-pay. As Bank of America points out, he has not and cannot articulate what about his loan was procedurally or substantively unconscionable—it does not "shock the conscience" and the loan was not an adhesion contract. From Canzoni's perspective, the loan "deal" did not change—he agreed to pay principal and interest for 30 years, secured by his home, in exchange for the purchase price for the home. Canzoni does not and could not allege that his lender promised not to sell his note. It promised to fund his loan in exchange for his secured promise to repay at a given interest rate. He got the money. What the lender did with the note was not illegal and it does not give rise to an "unconscionable contract" defense to the enforcement of that deal, as matter of law.

Canzoni's emotional distress claim fails because even a breach of the loan contract could not support such a claim and Canzoni has not even alleged a viable breach o f contract claim. *See Gagliardi v. Denny's Restaurants, Inc*., 117 Wn.2d 426 (21991). Insisting that Canzoni pay his note, under threat of foreclosure on the deed of trust, is the precisely the deal that was struck—the deed was the security for the admittedly broken promise to re-pay.

1    Canzoni's declaratory relief and quiet title[2] claims seeks a ruling that the deed of trust is
2 invalid. These are not stand-alone claims; they must be based on some viable, plausible claim
3 that the deed is in fact invalid. Canzoni's theory of invalidity or debt forgiveness is discussed and
4 dismissed above. He is not entitled to these remedies as a matter of law.

5    Finally, Canzoni's FDCPA claim similarly depends on the viability of his claim that
6 through the sale of his loan, the debt was discharged and the deed unenforceable. He claims that
7 the lender (Bank of America) thus became a "debt collector" rather than creditor. Bank of
8 America argues that it is not a debt collector subject to the FDCPAas a matter of law, and that
9 that statute does not apply to foreclosure activity in any event.

10    Plaintiff Canzoni's claims all depend on his claim that the sale of his Note had the effect
11 of destroying it, his obligation to repay, and the enforceability of the security he pledged. There
12 is no legal or logical support for this position, and it is not a plausible basis for any of the claims.

13    The remaining question is whether the permit Canzoni a third attempt to state a viable,
14 plausible claim against any of the defendants. At least one attempt at amendment is generally
15 required, unless the Court determines that the pleading could not possibly be cured by the
16 allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247
17 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is
18 liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*,
19 845 F.2d 193, 195–96 (9th Cir. 1988).

---

[2] Canzoni's quiet title claim also fails because he has not alleged and cannot plausibly allege that he tendered the loan proceeds, and because, for the reasons articulated in the Bank's motion, a quiet title action is not available release a security interest in the absence of re-payment.

1  Canzoni admits he borrowed the money and that he is in default on his obligation to
2  repay it. He has twice attempted to articulate a plausible claim that would support his theory that
3  he is not obligated to re-pay and that the deed of trust on his house is not enforceable. Bank of
4  America's claim that further amendment would be futile is correct. There is no liability as a
5  matter of substantive law. The Motion to Dismiss **[Dkt. #22] is GRANTED** and Canzoni's
6  claims are DISMISSED with prejudice, and without leave to amend again. There are no
7  remaining issues and the clerk shall enter a judgment in favor of the defendants.
8  IT IS SO ORDERED.
9  Dated this 13th day of June, 2016.

            Ronald B. Leighton
            United States District Judge

[DKT. #S 10, 11, 15, 19, 20, 21, 22, 23, 25, AND 26]
- 9